IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Ouyeinc Ltd., | Case No. 1:20-cv-03490 |
| Plaintiff, | |
| v. | Judge Robert W. Gettleman |
| Alucy, et al., | Magistrate Judge Maria Valdez |
| Defendants. | |

### MOVING DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

The Defendants listed below (collectively, the "Moving Defendants"),[1] by and through their undersigned counsel, respectfully submit this response in opposition to Plaintiff's Motion for Entry of a Preliminary Injunction (the "Plaintiff's Motion") [D.E. 34], and state:

### LEGAL STANDARD

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dep't of Fin. & Prof'l Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)). The party seeking such relief must show that: 1) it has some likelihood of success on the merits; 2) it has no adequate remedy at law; and, 3) without relief it will suffer irreparable harm. *Planned Parenthood of Ind. and Ky, Inc. v.*

---

[1] The fifteen Moving Defendants are: 2buy2u, annannlee, baoanwang20068, Beautiful nail store, esellerchina2010, etesco_mall, ETTG-US, fonesocom, muchmoresale, prettygoodshopss, reshifen-0, sellerfoneso, TEEROVA, uforeverk, and yallshop. Although not joining in the instant request for relief, Defendants Boshen, cedar_77, forskincare, homehub_supplies, laserbeautyworld, LIDDYGO, mei_ebuy, MsBeauté, mychway, mychway_au, mychway_us, mygirlbeauty, POMOLO, and uulaser respectfully preserve their right to assert future challenges to injunctive relief sought or obtained by the Plaintiff.

*Comm'r of Ind. State Dep't of Health*, 896 F.3d 809, 816 (7th Cir. 2018). If the movant meets these requirements, the Court must then weigh, using a sliding scale, the harm the movant will suffer without an injunction against the harm the non-movant will suffer if an injunction is issued.

The more likely the movant is to win, the less heavily need the balance of harm weigh in its favor; conversely, the less likely the movant is to win, the more the balance must weigh in its favor. *Judge v. Quinn,* 612 F.3d 537, 546 (7th Cir. 2010). Finally, the Court must also determine whether the injunction is in the public interest, considering any effects on non-parties. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018). Such injunctive relief is "never awarded as of right," and the Court "must balance the competing claims of injury and must consider the effect on each party." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

## ARGUMENT

The Court should deny Plaintiff's Motion because (i) Plaintiff is not reasonably likely to succeed on the merits, (ii) Plaintiff will not suffer irreparable harm, and (iii) the balance of harms significantly weighs in Defendants' favor.

**I.  PLAINTIFF IS NOT REASONABLY LIKELY TO SUCCEED ON THE MERITS.**

Before factoring the weight of irreparable harm into the sliding scale, the Plaintiff must first show that it has a reasonable chance of success on the merits. *See Kastanis v. Eggstacy LLC*, 752 F. Supp. 2d 842, 847 (N.D. Ill. 2010) (citing *Girl Scouts of Manitou Council Inc. v. Girl Scouts of the United States of America Inc.,* 549 F.3d 1079, 1085 (7th Cir. 2008)). To establish a likelihood of success for its trademark infringement, false designation of origin, and state law deceptive trade practices claims, the plaintiff must establish ownership of valid and enforceable marks, as well as a likelihood of confusion arising from the defendants' unauthorized use of the plaintiff's marks as a source identifier. *See Sorensen v. WD-40 Co.*, 792 F.3d 712, 726 (7th Cir.

2

2015); *see also Tsiolis v. Interscope Records, Inc.*, 946 F. Supp. 1344, 1351 (N.D. Ill. 1996). Importantly, "[i]f it is plain that the party seeking the has no case on the merits, the injunction should be refused regardless of the balance of harms." *Mil-Mar Shoe Co., Inc. v. Shonac Corp.*, 75 F.3d 1153, 1156 & 1162 (7th Cir. 1996) (reversing the district court's granting of preliminary injunction after concluding the plaintiff had "no probability of success on the merits").

      A.      **Multiple Moving Defendants Sold No Allegedly Infringing Product After The Date of Trademark Registration for "PRO-WAX100" on April 14, 2020.**

Moving Defendants agree that Plaintiff needs to establish only a *prima facie* case of infringement. *See ll. Council on Long Term Care v. Bradley*, 957 F.2d 305, 310 (7th Cir. 1992). Plaintiff's complaint pleads separate counts for trademark infringement and false designation of origin under the Lanham Act, and violation of the Illinois Deceptive Trade Practices Act ("IDTPA"). *See* Compl. at ¶¶ 33-47. "The standards for proving liability are the same under all these claims." *Caster Connection, Inc. v. Colson Group Holdings, LLC*, No. 20-CIV-1598, Memorandum Opinion and Order Denying Motion for a Preliminary Injunction [D.E. 41] at 6 (May 27, 2020) (Gettleman, J.).

Here, however, Plaintiff's chances of prevailing on the claims being asserted against the following twelve Moving Defendants are less than negligible, because these Defendants have sold no allegedly infringing product since April 14, 2020, the date the "PRO-WAX100" trademarks at issue (Reg. No. 6,033,871, 6,033,730, and 6,033,750) were registered. *See* Compl. at ¶ 7.

| 1 | 2buy2u |
|---|---|
| 2 | annannlee |
| 3 | baoanwang20068 |
| 4 | Beautiful nail store |
| 5 | esellerchina2010 |
| 6 | etesco_mall |
| 7 | fonesocom |
| 8 | muchmoresale |
| 9 | prettygoodshopss |

3

| 10 | sellerfonesco |
| 11 | uforeverk |
| 12 | Yallshop |

Pre-registration sales cannot give rise to liability under these claims, as "Plaintiff is unable to allege direct infringement of its registered mark because there can be no liability based on retroactive registration of a trademark." *Sly Magazine, LLC v. Weider Publ'ns LLC*, 241 F.R.D. 527, 530 (S.D.N.Y. 2007); *see also Reliable Tire Distrib., Inc. v. Kelly Springfield Tire Co.*, 592 F. Supp. 127, 136 (E.D. Pa. 1984) (holding that the plaintiff could not recover damages because "[a] registrant cannot recover damages or lost profits prior to the date of registration of the mark.") (citations omitted); *Ross v. Target Corp.*, CV071147ODWPLAX, 2008 WL 11336378, at *4 (C.D. Cal. July 7, 2008) ("Because the claimed infringement took place prior to [the Plaintiff's] registration, [Plaintiff] is unable to pursue a claim for infringement of a registered mark.").

**B.   Serious Jurisdictional Questions Exist.[2]**

This leaves only three Defendants (1) ETTG-US, (2) reshifen-0, and (3) TEEROVA, who have conducted any post-registration sales whatsoever. After the registration date, two of these Defendants made a combined 11 sales to Illinois (8 by ETTG-US and 3 by TEEROVA), while reshifen-0 made no sale to anywhere in the United States, much less to Illinois. Although prices regularly fluctuate, based on an approximate average of unit prices, ETTG-US sold the product at around $27.00 per unit, while TEEROVA sold at around $25.99 per unit. Accordingly, revenue

---

[2]   Likewise, serious questions also exist with respect to the existence of subject matter jurisdiction, the appropriateness of joinder, as well as the propriety of any purported service of process under the mandatory Hague Service Convention. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil and Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638; *see also Luxottica Group S.p.A. v. Partnerships and Unincorporated Associations Identified on Schedule "A"*, 391 F. Supp. 3d 816, 820 (N.D. Ill. 2019); *Anova Applied Elecs., Inc. v. Hong King Group, Ltd.*, No. CV-17-12291-FDS, 2020 WL 419518, at *1 (D. Mass. Jan. 24, 2020). These issues all cut against Plaintiff's likelihood of success on the merits. Defendants will elaborate on these and other defenses, as well as on more discrete jurisdictional issues, in a future motion addressing the amended complaint.

generated from sales of the allegedly infringing product is approximately $216.00 for ETTG-US, $77.97 for TERROVA, and $0.00 for reshifen-0 and the twelve Moving Defendants listed above.

All of the Moving Defendants are based in the People's Republic of China ("China"). It is well-established that the mere operation of an e-commerce store that can be accessed by consumers in Illinois does not constitute minimum contacts "aimed" at Illinois for the purposes of personal jurisdiction. *See Advanced Tactical Ordnance Systems, LLC v. Real Action Paintball, Inc.*, 751 F.3d 796 (7th Cir. 2014). Indeed, "offering [products] for sale on the internet, without more, [does not] demonstrate[] that defendant purposefully directed its activities . . . toward customers in Illinois." *Richter v. INSTAR Enterprises Int'l, Inc.*, 594 F. Supp. 2d 1000, 1013 (N.D. Ill. 2009). For all Moving Defendants other than ETTG-US and TEEROVA, without an actual sale of an allegedly infringing product to consumers in Illinois, the maintenance of an e-commerce store that simply has the potential of shipping products to Illinois consumers only establishes "potential contacts" insufficient for jurisdiction. *Id.* "[C]ourts [with the Seventh Circuit] have similarly held that 'the mere existence of a website that makes an infringing product available for purchase is not enough to establish personal jurisdiction.'" *Id.* at 1014.

Even in cases where a defendant does make actual sales of an allegedly infringing product, as with ETTG-US and TEEROVA, such sales alone are not necessarily sufficient to establish minimum contacts with the forum state. *See Matlin v. Spin Master Corp.*, No. 17 C 07706, 2018 WL 3496088, at *4 (N.D. Ill. Jul. 20, 2018), aff'd, 921 F.3d 701, 2019 WL 1760387 (7th Cir. 2019) ("[T]he common thread between all courts addressing whether defendants are subject to personal jurisdiction in Illinois for having a website that Illinois residents can access to purchase products is that the mere internet sale from a website is insufficient to hale a defendant into the forum's jurisdiction without something more."); *see also Original Creations Inc. v. Ready American Inc.*,

836 F. Supp. 2d 711, 716 (N.D. Ill. 2011) (finding that "the lone documented sale to an Illinois resident and the fact that [Defendant] fulfilled that order, intentionally sending the allegedly infringing product into the state, may be been 'purposeful' . . . [but] that sale alone is an insufficient basis upon which to find personal jurisdiction").

Authorities from within the Seventh Circuit have been fairly consistent on these points. *See Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014) (finding no specific personal jurisdiction where the defendant fulfilled several orders of the allegedly infringing projectiles for purchasers in Indiana, knew plaintiff was an Indiana company and could foresee that the misleading emails and sales would harm plaintiff in Indiana, sent at least two misleading email blasts to a list that included Indiana residents, had an interactive website available to residents of Indiana, and put customers on its email list when they made a purchase, because *de minimis* sales would not support personal jurisdiction); *be2 LLC v. Ivanov*, 642 F.3d 555, 559 (7th Cir. 2011) (finding no specific personal jurisdiction even though defendants' website offered free dating profiles to consumers in all 50 states and twenty Illinois residents created free profiles on the website); *Guinness World Records Ltd. v. Doe*, 664 F. Supp. 2d 927, 929 (N.D. Ill. 2009) (finding no specific personal jurisdiction in a trademark case where defendant operated a website and executed a general email marketing campaign that reached Illinois consumers and generated three sales of its products to two Illinois residents, involving total gross sales of only $1,153 because such conducts were "*de minimis* contacts"). *See generally Walden v. Fiore*, 571 U.S. 277, 284 (2014).

Here, thirteen of the fifteen Moving Defendants sold no infringing products to consumers in Illinois, and none of them specifically targeted any advertising of the at-issue products to Illinois. The mere fact that these Defendants operated online stores from which an Illinois resident could

6

potentially purchase items only establishes the potential for personal jurisdiction, not actual jurisdiction, and fails to establish the kind of "contacts" that "demonstrate a real relationship with the state with respect to the transaction at issue." *N. Grain Mktg., LLC v. Greving*, 743 F.3d 482, 492-93 (7th Cir. 2014). Simply put, none of the Moving Defendants engaged in Illinois-specific activity to establish minimum contacts with Illinois. *See Tile Unlimited, Inc. v. Blanke Corp.*, 47 F. Supp. 3d 750, 757 (N.D. Ill. 2014).

## II. PLAINTIFF CANNOT SHOW IRREPARABLE HARM.

As discussed above, Plaintiff cannot demonstrate that it has sustained any harm (much less irreparable harm) from twelve of the fifteen Defendants, who have engaged in no infringing sales, whatsoever, because any sales activity pre-dated the registration date of the trademarks at issue. With respect to the remaining three Moving Defendants, first, unlike ordinary trademark disputes (where the trademark holder sends a cease and desist letter to the alleged infringer, thereby providing the alleged infringer the ability to stop any complained-of conduct prior to any lawsuit), here, the Defendants were not provided notice of any wrongdoing until after the Plaintiff has filed its lawsuit and obtained a temporary restraining order.

Revenue generated from sales is minimal, and all of these stores will agree to refrain from re-listing for sale any complained-of product during the pendency of this action. *See Caster Connection, Inc.*, No. 20-CIV-1598, [D.E. 41] at 2 (denying preliminary injunction, in part, on account of defendants' agreement not to re-list the allegedly infringing items for sale during the litigation). Should the Court deem it necessary, the ETTG-US and TERROVA will further agree to post a bond reflecting the full revenue amounts of $216.00 and $77.97, respectively, "thereby ensuring the availability of Plaintiff's equitable remedy of accounting of profits for the period of the requested preliminary injunction." *Id.* at 10.

7

## III. THE BALANCE OF HARMS WEIGHS IN DEFENDANTS' FAVOIR.

There is no basis for continuing the restrain the entire storefronts and associated assets of the Moving Defendants, many of whom depend on sales generated from collaterally impacted non-infringing products completely impertinent to the subject matter of this lawsuit for their livelihoods, particularly when only two of the fifteen derived any revenue from sales of allegedly infringing products (totaling approximately $293.97). Moreover, continued restraint is inappropriate since Plaintiff does not intend to seek an accounting or profits in the case (the only basis for such a prejudgment asset restrain in this case) but instead intends to seek statutory damages. *See Deckers Outdoor Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A"*, No. 13-CIV-07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013) (recognizing that a Court's authority to issue a prejudgment asset restraint based on the equitable remedy of accounting of profits is "illusory" if the plaintiff in fact pursues statutory damages as a basis for judgment).

A preliminary injunction is a black stain against the Defendants, a scarlet letter for the stores that can be referenced by third parties and judges in the future. Moreover, an injunction recognizes that Plaintiff is reasonable likely to face irreparable harm due to Defendants' future unlawful and injurious conduct. But Plaintiff faces no such irreparable harm because there is no evidence or basis to believe that Defendants will continue any of the complained of conduct in the future. In short, Plaintiff cannot "me[e]t their burden of showing that the harm [it] will suffer if the injunction is denied is substantially greater than the harm [the stores] would suffer if the injunction were granted." *Kastanis*, 752 F. Supp. 2d at 858-59.

## CONCLUSION

Based on the foregoing, Defendants 2buy2u, annannlee, baoanwang20068, Beautiful nail store, esellerchina2010, etesco_mall, ETTG-US, fonesocom, muchmoresale, prettygoodshopss,

8

reshifen-0, sellerfoneso, TEEROVA, uforeverk, and yallshop respectfully request that the Court deny Plaintiff's Motion for Entry of a Preliminary Injunction (the "Plaintiff's Motion") [D.E. 34], and grant such further relief that the Court deems just and proper.

Date: September 14, 2020

                Respectfully submitted,

                All Moving Defendants

                By: */s/*   *Xingjian Zhao*
                    One of their Attorneys

| | |
|---|---|
| Xingjian Zhao | Danielle S. McKinley |
| DIAZ, REUS & TARG, LLP | RM PARTNERS LAW LLC |
| 100 Southeast Second Street | 305 N. Peoria Street |
| 3400 Miami Tower | Suite 200 |
| Miami, Florida 33131 | Chicago, IL 60607 |

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 14th day of September 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive notices of filing electronically.

By: */s/*           *Xingjian Zhao*
                 Xingjian Zhao