IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD. ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 20 C 3490 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ) | |
| ALUCY et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff Ouyeinc, Ltd. filed this complaint for trademark infringement against a large number of defendants on June 15, 2020. On June 17, 2020, the court granted plaintiff's motion for a temporary restraining order and for alternative service. Plaintiff added defendants Hailitech and Hxl_tech as a party to this case on August 7, 2020, and the defendants were served by email on October 2, 2020. On November 18, 2020, plaintiff filed a motion for default judgment against several defendants, including Hailitech and Hxl_tech, which the court granted on November 24, 2020. Following a hearing on damages, the court entered a final judgment order on January 14, 2021. Defendants Hailitech and Hxl_tech have now moved to set aside the default judgement under Fed. R. Civ. P. 55(c), arguing that they received insufficient service, and that the court lacks personal jurisdiction over the two defendants. (Doc. 123). For the reasons set forth below, the motion is granted.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) provides that a district court may set aside an entry of default judgement "[f]or good cause shown," and may set aside a default judgment "in

accordance with Rule 60(b)." Fed. R. Civ. P. 55(c). Under those rules, a final judgment is void and must be set aside if the court lacked personal jurisdiction or if the party against whom the judgment was entered was not adequately served. Trade Well Int'l v. United Cent. Bank, 825 F.3d 854 (7th Cir. 2016); see also United States v. Indoor Cultivation Equip. from High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir. 1995). Defendants argue that service was improper and that the court lacks personal jurisdiction over defendants. Defendants further request that the court grant leave for the defendants to answer or otherwise plead within 28 days.

## I. Service

Defendants argue that their failure to respond to the complaint was not the result of carelessness, but because they never received the complaint and summons due to improper service. As noted above, the court granted plaintiff's motion for alternative service, and plaintiff served defendants using the email addresses that were registered with defendants' eBay accounts. Defendants claim that they no longer use those email addresses and do not check those email accounts.

While defendants claim that service was improper, they make no argument that service by email was legally insufficient under either Fed. R. Civ. P. 4(f)(3) or under the Hague Convention. For instance, defendants do not argue that that service by email violates any international agreement, nor do they argue that it does not comport with constitutional notions of due process. See U.S. Commodity Futures Trading Comm's v. Lake Shore Asset Mgmt. Ltd., 2008 WL 4299771, at *4 (N.D. Ill. Sept. 17, 2008) (Rule 4(f)(3) permits the court to order service by any means not prohibited by international agreement, so long as the method of service comports with constitutional notions of due process). Further, service of process by email has been upheld in circumstances similar to those here. See, e.g., Strabala v. Zhang, 318 F.R.D. 81, 115-16 (N.D.

Ill. 2016); <u>Rio Props., Inc. v. Rio Int'l Interlink</u>, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); <u>MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co.</u>, 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by email and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)"); <u>Phillip Morris USA v. Veles Ltd.</u>, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007) (authorizing service of process by email in trademark action where on-line stores did not pose any physical address and defendant's "business appear[ed] to be conducted entirely through electronic communications"). Defendants' main argument, then, is that plaintiff used the wrong email address and that they no longer check the email addresses associated with their eBay accounts.

In response, plaintiff notes that it received no "bounce back" or any other indication that the emails were undeliverable to that address. Plaintiff further notes that defendants had actual notice of the judgment against them after receiving an email from Paypal indicating that defendants' accounts would be frozen pursuant to an infringement action and judgment against them.[1] Regardless, there is no indication that service was improper. Service complied with Rule 4(f)(3) and international law, and plaintiff used the best email address it could find. Consequently, service was proper, and the court will not set aside the default on this basis.

---

[1] Even after receiving the email from Paypal, it took defendants over a month to hire an attorney and file an appearance in this case.

## II.    Personal Jurisdiction

Defendants argue that the default judgment should be vacated because the court lacks personal jurisdiction over them.  "When a district court enters default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that default judgment."  Be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011).  The defendants have the burden of demonstrating the absence of personal jurisdiction.  Id.

The court looks to Illinois's long-arm statute to determine whether it may exercise personal jurisdiction over the defendants.  See Philos Techs., Inc. v. Philos & D, Inc., 802 F.3d 905, 912 (7th Cir. 2015).  The statute provides that the outer boundary of the personal jurisdiction of an Illinois court is set by the Due Process clause of the Fourteenth Amendment.  735 Ill. Stat. Ann. 5/29-209(c).  Under the Due Process clause, a court may exercise personal jurisdiction over an out-of-state defendant when that defendant has "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. State of Wash., Office of Unemployment Compensation & Placement, 326 U.S. 310, 316 (1945).  "The defendant's conduct and connection with the forum state [must be] such that he should reasonably anticipate being haled into court there."  Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).  While there are two branches of personal jurisdiction—general and specific—only the latter is relevant here.

Specific jurisdiction exists where a defendant's suit-related conduct creates a substantial connection with the forum state.  Walden v. Fiore, 571 U.S. 277, 284 (2014).  Such conduct is sufficient to establish specific jurisdiction based upon the "defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there."  Id. at 284-85.  There are three "essential requirements" for a court to exercise specific jurisdiction over an out-of-state

defendant: (1) the defendant must have purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its activities at the state; (2) the plaintiff's alleged injury must have arisen out of the defendant's forum-related activities; (3) the exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice. Curry v. Revolution Labs. LLC, 949 F.3d 385, 392 (7th Cir. 2020).

Defendants argue that they have not directed any of their activities toward Illinois and note that they are based in China. Plaintiff responds that defendants have directed activities toward Illinois because Illinois residents were able to purchase items through defendants' eBay stores and have the items shipped to Illinois. For both defendants, the only contact with Illinois was the sale and shipment of a single product to an Illinois address—a product bought by plaintiff's investigator.[2]

Plaintiff cites to Illinois v. Hemi Group LLC, 662 F.3d 754, 757 (7th Cir. 2010) in support of its argument that defendants' eBay storefront and the subsequent shipment of products to Illinois is a basis for specific jurisdiction. But that case is inapposite. In Hemi Group, the defendant operated a self-hosted interactive website through which Illinois residents could purchase cigarettes. Id. at 755-56. In the instant case, plaintiff has not shown that the eBay storefronts operated any independent interactive website outside of eBay. Even in Hemi Group, the court stated that "significant caution is certainly appropriate when assessing a defendant's online contacts with a forum 'to ensure that a defendant is not haled into court simply because the defendant owns or operates a website that is accessible in the forum state.'" Id. at 760; see also Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc., 751 F.3d 796, 800

---

[2] As part of its investigation, plaintiff's investigator bought one of the products from each defendant and had it shipped to Downers Grove, Illinois, and Wheaton, Illinois.

5

(7th Cir. 2014).  The <u>Hemi</u> court expressed concern that "[p]remising personal jurisdiction on the maintenance of a website, without requiring some level of 'interactivity' between the defendant and the consumers in the forum state, would create almost universal personal jurisdiction because of virtually unlimited accessibility of websites across the country."  <u>Id.</u> (citing <u>Jennings v. AC Hydraulic A/S</u>, 383 F.3d 546, 550 (7th Cir. 2004)); <u>see also</u> <u>be2 LLC v. Ivanov</u>, 642 F.3d at 588.

Because the defendants' eBay stores run on a third-party website, the instant case is more similar to <u>Noboa v. Barcelo Corporacion Empresarial, S.A.</u>, 2015 WL 13050008 (N.D. Ill. Mar. 26, 2015), where no specific jurisdiction was found because the transaction occurred on Orbitz.com, a third-party booking site with its headquarters in Chicago.  The <u>Noboa</u> court explicitly distinguished its case from <u>Hemi Group</u> because the defendant in <u>Noboa</u> did not sell a product to Illinois residents through its own commercial website.  <u>Id.</u> at *3-4.  "Plaintiff in this case has an even weaker case than <u>Noboa</u> because Orbitz.com was at least based in the forum state, whereas eBay.com is not headquartered in Illinois."  <u>Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A"</u>, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021) (finding no personal jurisdiction where foreign defendants owned and operated eBay storefronts).  Given the nature of eBay as a third-party website, defendants have not directed their activities toward Illinois.

Finally, "[f]inding specific jurisdiction here would likely give rise to universal personal jurisdiction because users from across the country, except those from a handful of places, could purchase from the eBay stores."  <u>Sun Chenyan</u>, 2021 WL 1812888, at *5 (N.D. Ill. May 6, 2021).  Finding jurisdiction here would mean that defendants would need to appear "for merely random,

fortuitous, or attenuated contacts," which would be against the principle of personal jurisdiction. See Curry, 949 F.3d at 398.

Defendants have met their burden of showing that the default judgment should be vacated for lack of personal jurisdiction. Consequently, the court grants defendants' motion to set aside the default judgment.

## **CONCLUSION**

For the reasons stated above, the court grants defendants' motion to set aside the default judgment [Doc. 123]. Because the court has found that it lacks personal jurisdiction over the defendants, Hailitech and Hxl_tech are dismissed from the suit.

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: May 14, 2021**