IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| OUYEINC LTD. | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 20 C 3490 |
| v. | ) |
| | ) Judge Robert W. Gettleman |
| | ) |
| ALUCY et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM OPINION & ORDER**

Plaintiff Ouyeinc, Ltd. filed a complaint for trademark infringement against a large number of defendants on June 15, 2020. On June 17, 2020, the court granted plaintiff's motion for a temporary restraining order and for alternative service. Plaintiff served many defendants by email, using the email addresses registered with defendants' eBay accounts. On November 18, 2020, plaintiff filed a motion for default judgment against several defendants, which the court granted on November 24, 2020. Following a hearing on damages, the court entered a final judgment order on January 14, 2021. On April 9, 2021, defendants Hailitech and Hxl_tech moved to set aside the default judgement under Fed. R. Civ. P. 55(c), arguing that they received insufficient service, and that the court lacks personal jurisdiction over the two defendants. Based on the materials submitted by the parties, the court agreed and dismissed the two defendants from the suit on May 14, 2021. (Doc. 134). Plaintiff has filed a motion to reconsider the May 14, 2021, order. (Doc. 135). Nine additional defendants also have moved to set aside the default judgment. (Doc. 144). For the reasons set forth below, plaintiff's motion is granted, and defendants' motions are denied.

**DISCUSSION**

I.       **Plaintiff's Motion to Reconsider**

To prevail on a Rule 59(e) motion, a party must "clearly establish" that: (1) the court committed a manifest error of law or fact; or (2) newly discovered evidence precluded entry of judgment. <u>Harrington v. City of Chi.</u>, 433 F.3d 542, 546 (7th Cir. 2006). A manifest error "is not demonstrated by the disappointment of the losing party." <u>Oto v. Metropolitan Life Ins.</u>, 224 F.3d 601, 606 (7th Cir. 2000). Indeed, a motion to reconsider under Rule 59(e) should be granted only in rare circumstances. <u>Scott v. Bender</u>, 948 F.Supp.2d 859, 865 (N.D. Ill. 2013). A Rule 59(e) motion for reconsideration is not an appropriate vehicle for re-litigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration. <u>Caisse Nationale de Credit Agricole v. CBI Indus.</u>, 90 F.3d 1264, 1270 (7th Cir. 1996).

Almost all of plaintiff's arguments are an attempt to relitigate the personal jurisdiction issue that the court ruled on in its May 14, 2021, order. Plaintiff disagrees with the court's interpretation of <u>Illinois v Hemi Group LLC</u>, 622 F.3d 754 (7th Cir. 2010), and the court's reliance on cases such as <u>Sun Chenyan v. The Partnerships and Unincorporated Assoc's Identified on Schedule "A"</u>, 2021 WL 1812888, (N.D. Ill. May 6, 2021). Plaintiff had an opportunity to raise many of these arguments in the earlier round of briefing; indeed, plaintiff half-heartedly raised many arguments regarding personal jurisdiction, and the court rejected them.[1] Ordinarily,

---

[1] Plaintiff is advised that filing an underdeveloped brief, and then providing the court with robust arguments and caselaw after the court rules against it, results in a waste of judicial resources. Plaintiff was well aware of defendants' personal jurisdiction arguments during the original round of briefing, and plaintiff had the opportunity to research the issue and respond.

2

the court would decline to consider arguments that could have been brought in the earlier motion. However, the court is persuaded that plaintiff's current arguments are indeed correct.

Plaintiff has provided Seventh Circuit authority, as well as additional district court cases, indicating that personal jurisdiction over these two defendants is proper because they directed their activities to Illinois. In Curry v. Revolution Labs., LLC, 949 F.3d 385, 392-93 (7th Cir. 2020), the Seventh Circuit determined that personal jurisdiction was proper over a non-resident defendant operating through e-commerce store operators, including eBay:

> We are satisfied that Revolution has formed sufficient minimum contacts with Illinois…Revolution sells its products only online through its website and third-party websites. Revolution's interactive website for the sale of its product requires the customer to select a shipping address. Illinois is among the "ship-to" options from which the customer must choose. Illinois residents purchasing Revolution's products also receive an email from Revolution thanking them for their business, confirming the order, and listing the Illinois shipping address.
>
> Revolution's own actions in establishing these commercial contacts with Illinois fairly can be described as purposeful. Preparing to engage in commercial activity, Revolution created an interactive website and explicitly provided that Illinois residents could purchase its products through that website. It further arranged for the sale of its products through third-party websites. After the sales…Revolution shipped [the product] to its customers who were in Illinois.

949 F.3d at 399.

Courts within this district routinely follow Curry and exercise personal jurisdiction over international e-commerce store operators, specifically eBay storefronts. See, for example, Tommy Hilfiger Licensing, LLC, et al. v. The P'ships, et al., No. 20 C 7477 (N.D. Ill. March 24, 2021) (Dkt. 46) ("Hilfiger has offered evidence tending to show that [defendant], though not physically located in Illinois or even in the United States, operated an interactive website through which it purposefully offered products for sale to consumers, including consumers located in Illinois, who would then select an address where the products would be shipped, including

3

Illinois as one of the options. This is enough to amount to [defendant] having purposefully availed itself of doing business in Illinois."); Mori Lee v. P'ships, No. 19 C 7555 (N.D. Ill. May 14, 2020) (Dkt. 60) (same); Volkswagen AG v. iman365-usa, No. 18 C 6611, 2020 WL 977969, at *4 (N.D. Ill. Feb. 28, 2020) (same).

Plaintiff further notes that when users create an eBay storefront, the user must select specific shipping locations where the seller whishes to ship their products. According to eBay's international selling policy, sellers are required to select the location of where they wish to sell their products, which includes providing specific shipping options for the locations. Thus, the sellers here set up an online storefront that specifically targets Illinois residents.

In addition, plaintiff has provided newly discovered evidence[2] that defendants sold and shipped five products to addresses in Illinois. In ruling on the original motion, the court was persuaded, in part, by the fact that defendants Hlx_tech and Hailitech had effectively made no sales to Illinois, making this case indistinguishable from Chenyan, 2021 WL 1812888, at *5.[3] Importantly, the newly discovered evidence indicates that five products were shipped to actual paying customers in Illinois, not merely to plaintiff's investigator.[4] These sales further confirm that defendant affirmatively selected Illinois as a shipping target.

---

[2] Plaintiff states that prior to the court's May 14, 2021, ruling, plaintiff's counsel had communicated with eBay's counsel to acquire sales records for the defendants. Plaintiff should have informed the court of these communications and plaintiff's attempt to secure the records. The court would have delayed ruling on the personal jurisdiction issue until plaintiff could present more information.

[3] When the court ruled on the original motion, plaintiff stated that the only sale to Illinois was made to plaintiff's investigator. Such a sale on its own is insufficient for purposes of personal jurisdiction. See Walden v. Fiore, 571 U.S. 277, 285 (2014) (for personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum"); Haggerty Enterprises, Inc. v. Lipan Indus. Co., Ltd., 2001 WL 968592, at *4 (N.D. Ill. 2001) ("Jurisdiction cannot be manufactured by the conduct of others.").

[4] In defendants' original motion to vacate the default judgment, they argued that they had not made a single sale to Illinois, providing an affidavit to that effect. In response, plaintiff identified the one product sent to plaintiff's investigator. Defendants acknowledged that they had made an error, but blamed it on their record keeping and provided an additional affidavit that they sold only that one product to plaintiff's investigator, and that there were no other sales to Illinois. Now, plaintiff has identified five other sales. This evidence causes the court to doubt the veracity of defendants' affidavits, and to conclude that plaintiff has met its burden of proving multiple sales to Illinois residents.

4

In response, defendants argue that these five sales all occurred in 2017, before plaintiff registered its trademark. However, while the early date of the sales may affect plaintiff's trademark infringement claim, it does not affect the court's inquiry into personal jurisdiction. Defendant presents no authority that earlier sales of an item are insufficient for personal jurisdiction purposes, and the court is aware of none.

The court's earlier ruling relied on the fact that defendants made no sales to Illinois and that eBay storefronts are not sufficiently interactive under Seventh Circuit precedent. Plaintiff has presented new evidence and new caselaw indicating that this is not so. The court finds that defendants have purposefully availed themselves of doing business in Illinois. Consequently, Plaintiff's motion to reconsider is granted, and the court reinstates the judgement against defendants Hailitech and Hlx_tech.

## II.     Storefront Defendants' Motion to Vacate

Defendants Tomorrowhome, Outletstore, Seacoolr, Anderlink, Bestgeeker, Fansfunny, Nativish, Rowaction, and Usbkits (the "storefront defendants") have moved to vacate the default judgement under Federal Rule of Civil Procedure 60(b). (Doc. 144). The storefront defendants make two main arguments: (1) service was improper; and (2) the court lacks personal jurisdiction.

### a. Service

Five of the storefront defendants (Tomorrowhome, Outletstore, Seacoolr, Anderlink, and Bestgeeker) argue that service was improper because plaintiff bypassed the procedures required by the Hague Convention, and that the Hague Convention prohibits service by email. Not so. The single case cited by the storefront defendants for that proposition held that service by email was improper because plaintiff failed to exercise reasonable diligence to determine the

5

defendants' mailing addresses.  Luxottiva Group S.P.A. v. Partnerships and Unincorporated Assoc's Identified on Schedule "A", 391 F.Supp.3d 816 (N.D. Ill 2019).  Nowhere does Luxottiva Group suggest that service by email is prohibited, by the Hague Convention or otherwise.  In fact, courts have routinely upheld service by email in situations similar to the instant case.  See, e.g., Strabala v. Zhang, 318 F.R.D. 81, 115-16 (N.D. Ill. 2016) (Rule 4(f)(3) permits the court to order service by any means not prohibited by international agreement, so long as the method of service comports with constitutional notions of due process); Rio Props., Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1018 (9th Cir. 2002) ("When faced with an international e-business scofflaw, playing hide-and-seek with the federal court, e-mail may be the only means of effecting service of process."); MacLean-Fogg Co. v. Ningbo Fastlink Equip. Co., 2008 WL 5100414, at *2 (N.D. Ill. Dec. 1, 2008) (granting leave to serve a defendant located in China by email and facsimile, and noting that because the "Hague Convention does not prohibit service by e-mail or facsimile, such means may be authorized under Rule 4(f)(3)"); Tommy Hilfiger Licensing LLC, No. 20 C 7477 (N.D. Ill. March 24, 2021) (Dkt. 46) (authorizing service of process by email in trademark action where online stores did not pose any physical address and defendant's business appear[ed] to be conducted entirely through electronic communications, including eBay storefronts).

      Consequently, service by email was proper.  However, defendants Tommorowhome and Outletstore claim that their respective email addresses were full, and an email sent to those addresses would have ultimately "bounced back."[5]  In its response, plaintiff confirms that it received the bounce back notification, and did not take any steps to remedy the situation.  But

---

[5] These two storefront defendants do not explain why the email address that they use to sell the infringing items was "full."

plaintiff notes that those two defendants had actual notice of the judgment against them after receiving an email from Paypal and eBay indicating that their accounts would be frozen pursuant to an infringement action and judgment against them.

Despite plaintiff's inability to effectively manage and monitor a case of this magnitude, plaintiff provided notice reasonably calculated under all the circumstances. Service complied with Rule 4(f)(3) and international law, and plaintiff used the best email address it could find. Consequently, service was proper, and the court will not set aside the default judgment on this basis.

Finally, the same five defendants challenging personal jurisdiction complain that plaintiff withdrew money from defendants' PayPal accounts upon receiving the default judgment. The storefront defendants do not make any requests regarding the money, and they merely claim that plaintiff is withholding the money to force a higher settlement. Plaintiff responds that it agrees to hold the funds in abeyance in their attorney-client trust account, apparently while the parties are engaged in settlement negotiations. Neither party provides legal authority for the court. At this time, the court sees no need to interfere in this matter. Indeed, as the court has decided to uphold the default judgment against the storefront defendants, plaintiff is entitled to these funds.

   b. **Personal Jurisdiction**

The storefront defendants argue that the default judgment should be vacated because the court lacks personal jurisdiction over them. "When a district court enters default judgment without personal jurisdiction over the defendant, the judgment is void, and it is a per se abuse of discretion to deny a motion to vacate that default judgment." Be2 LLC v. Ivanov, 642 F.3d 555, 557 (7th Cir. 2011). The storefront defendants have the burden of demonstrating the absence of personal jurisdiction. Id.

7

The storefront defendants argue that they have not directed any of their activities toward Illinois and note that they are based in China. Plaintiff responds that the storefront defendants have directed activities toward Illinois because Illinois residents were able to purchase items through defendants' eBay stores and have the items shipped to Illinois. For all storefront defendants, the only contact with Illinois was the sale and shipment of a single product to an Illinois address—a product bought by plaintiff's investigator. The court is unpersuaded by plaintiff's arguments that a single sale to plaintiff's investigator is sufficient for minimum contacts purposes. Courts have repeatedly affirmed that a plaintiff cannot manufacture personal jurisdiction through their own conduct. See Walden v. Fiore, 571 U.S. 277, 285 (2014) (for personal jurisdiction, "the plaintiff cannot be the only link between the defendant and the forum"); Haggerty Enterprises, Inc. v. Lipan Indus. Co., Ltd., 2001 WL 968592, at *4 (N.D. Ill. 2001) ("Jurisdiction cannot be manufactured by the conduct of others.").

That being said, the sales to the investigator confirm that the storefront defendants' ecommerce storefronts specifically and affirmatively targeted Illinois as a shipping location. Under the Seventh Circuit precedent discussed above, and based on the interactive nature of the ecommerce storefronts, the storefront defendants have purposefully availed themselves of doing business in Illinois. Consequently, personal jurisdiction is proper over these defendants.

### C. Timing of Infringing Sales

The storefront defendants make one final argument in passing. In their reply brief, the storefront defendants argue that the infringing sales were from June and July of 2019, before plaintiff's trademark was registered in November 2019, and consequently the court should not have assessed statutory damages. See, e.g., New Name, Inc. v. The Walt Disney Co., 2008 WL 5587487, at *6 (C.D. Ca. July 23, 2008) ("[M]any other courts have held that statutory damages

are not retroactively available for infringement occurring between application and registration.");
GTFM, Inc. v. Solid Clothing, Inc., 215 F.Supp.2d 273, 300 (S.D.N.Y. 2002) ("[F]or much of the period in which [defendant] engaged in infringing conduct, the mark was unregistered and thus not protectable under the anti-counterfeiting provisions of the Lanham Act."). This argument fails. Plaintiff's evidence establishes that the storefront defendants continued to offer the infringing products for sale through their interactive eBay storefronts after registration, which is sufficient to establish a trademark violation, even if there were no actual sales of the infringing product. See Christian Dior Couture, S.A., v. Liu, 2015 U.S. Dist. LEXIS 158225, at *6-7 (N.D. Ill. Nov. 17, 2015) ("[W]hether the jewelry in question was actually sold is not pertinent to [defendant's] liability since a mere offer to sell infringed merchandise is sufficient to establish liability under the Lanham Act.") (citing 15 U.S.C. § 1114).

## CONCLUSION

For the reasons stated above, plaintiff's motion to reconsider (Doc. 135) is granted and the default judgment against defendants Hailitech and Hxl_tech is reinstated. The storefront defendants' motions to vacate the default judgment (Doc. 144) is denied.[6]

**ENTER:**

**Robert W. Gettleman**
**United States District Judge**

**DATE: June 25, 2021**

---

[6] The motion to file an amicus brief (Doc. 140) is denied as moot.